UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                    Case No. 04-27609-svk
Elnour E. Habiballa                                                      (Chapter 13)
        Debtor.

MEMORANDUM DECISION

The Debtor in this chapter 13 case objected to three proofs of claim: Claim No. 3 filed by Sherman Acquisition, L.P. for $1,979.59; Claim No. 5 of Cavalry Portfolio Services, LLC in the amount of $7,496.68; and Claim No. 7 filed by Jefferson Capital Systems, LLC in the amount of $7,013.63. The Claimants each purchased credit card debt owed by the Debtor, and filed claims with less than complete supporting documentation. The Debtor's objections state that due to the lack of detail, the Debtor cannot determine whether, after they purchased the accounts, the Claimants have added impermissible interest and fees to the claims. The objections request that each Claimant provide a copy of the last credit card billing statement and a detailed statement of the interest and fees that were added by subsequent transferees of the credit card debt. If the statements and itemizations are not provided, the Debtor requests disallowance of the claims.

The Court scheduled an evidentiary hearing on the objections. Only one of the three Claimants responded or appeared at the hearing, and that Claimant was unable to produce the requested documents in the time frame between the objection and the hearing. The Debtor appeared and testified that he no longer had copies of his credit card statements, and that the amounts listed for credit card debts in his bankruptcy schedules were taken from his credit report. According to the Debtor's attorney, the information in credit reports is provided by the creditors, and the amounts given in credit reports may include impermissible fees and interest. Cognizant of a growing number of decisions in this area -- reflecting the need for debtors and

trustees to confirm the amount and validity of claims, and the difficulty encountered by claimants in producing backup documents in a timely and inexpensive fashion -- the Court took the matter under advisement.

Allowance of claims is governed by Bankruptcy Code § 502. 11 U.S.C. § 502 (2005). Section 502(a) provides that filed claims are deemed allowed, unless a party in interest objects. Bankruptcy Code § 502(b) states that if an objection is made, the court shall determine the amount of the claim as of the date of the petition, and shall allow the claim except as provided in one of the enumerated exceptions. The only exception that appears to be relevant in this dispute is § 502(b)(1), which says that a claim should not be allowed to the extent that it is unenforceable against the debtor under any agreement or applicable law.

However, the Debtor's claim objections do not mention § 502(b)(1); rather the Debtor cites Bankruptcy Rule 3001(c), stating that when a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim. The Debtor also requests an itemization of any interest or charges added to the claims after purchase from the original creditors. This request is apparently based on the proof of claim form, Official Form 10, which has a checkbox for "interest or other charges in addition to the principal amount of the claim," and requires an "itemized statement of all interest or additional charges." Under Rule 3001(a) a proof of claim must conform substantially to Official Form 10; accordingly, the Debtor seeks disallowance of these claims for failing to comply with the Rule.

Two lines of cases have emerged in determining the allowance of claims that don't comply with Bankruptcy Rule 3001. The minority view is that failure to attach the documentation required by Rule 3001(c) is grounds for disallowance of the claim. *See, e.g., In*

2

*re Henry*, 311 B.R. 813, 817-18 (Bankr. W.D. Wash. 2004) (failure to supply a sufficient amount of account statements and copy of the agreement authorizing the charges and fees included in the claim by at least the return date on a claim objection is grounds for disallowance.); *In re Blue*, 2004 WL 1745786 (N.D. Ill.) (lack of documentation is basis for disallowance, but creditor should be given opportunity to amend the claim); *In re Armstrong*, 320 B.R. 97, 106-09 (Bankr. N.D. Tex. 2005) (lack of documentation requires claimant to establish the claim by a preponderance of the evidence, or objection is sustained). While there are some policy arguments favoring the minority view, such as prevention of creditor abuse of the claims process and easing the burden of confirming the propriety of claims on trustees and debtors, the majority view rests on stronger principles of statutory construction and requiring debtors to take responsibility for accurate schedules and knowledge of their own debts.

In *In re Cluff*, 313 B.R. 323, 331-332 (Bankr. D. Utah 2004), the court examined the interplay between Bankruptcy Code § 502 and Bankruptcy Rule 3001, and concluded that failure to comply with Bankruptcy Rule 3001, on its own, is not sufficient for disallowance of the claim. *Accord, In re Guidry,* 321 B.R. 712 (Bankr. N.D. Ill. 2005). *Cluff* explains that the purpose of Rule 3001 is to provide certain minimum evidentiary standards for proofs of claim. *Cluff*, 313 B.R. at 332. Under Bankruptcy Rule 3001(f), a proof of claim "executed and filed in accordance with these rules" constitutes *prima facie* evidence of both the validity and amount of the claim.

What does "executed and filed in accordance with the Bankruptcy Rules" mean? According to *Cluff*, the claim must be in writing, substantially conform to Official Form 10, and be executed by the creditor or the creditor's agent. *Id.* at 332. Additionally, if the claim is based on a writing, a copy or summary of the writing must be filed with the proof of claim. *Id.*

3

A claim that meets the minimum requirements enjoys *prima facie* status, and in order to succeed on a claim objection, the objecting party must produce "probative evidence of equal force." *Id.* at 337. *See also In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005) (objecting party must produce evidence to rebut the claim or the claim will prevail; mere denial of the validity or amount will not suffice). "Examples of probative evidence equal in force to the allegations contained in a proof of claim might be an affidavit from a debtor asserting that it is not the obligor on a debt, or an accounting summary listing all of a debtor's credit card charges to show that a debt was improperly calculated." *Cluff,* 313 B.R. at 337 n.48.

Even a claim that does not meet the Rule 3001 standards for *prima facie* status should not be disallowed without some evidence from the objector. *Cluff* explains:

> If a claim is not granted *prima facie* validity, a formal objection coupled with some evidence which tends to "meet, overcome, or at least equalize" the statements on the proof of claim is sufficient to rebut the claim. But it is not enough for a debtor to file a mere formal objection without more because the allegations on the face of the proof of claim are more than a mere pleading; they are signed under penalty of up to $500,000 or up to five years in prison. . . . In order to defeat a claim that contains some evidence, but that is not accorded *prima facie* status, a debtor could make an allegation supported by a signed affidavit, that some or all of the a [sic] claim was not owed or that the debt had been satisfied. If the creditor did nothing more, such an objection could be sustained.

*Id.* at 338. With these principles as a backdrop, we turn to the claims at issue here.

Claim No. 7 of Jefferson Capital Systems is the most detailed of the claims. The claim contains an attachment that includes the name of the original creditor,[1] Debtor's name, account number and a breakdown of the principal and interest. The summary gives the last payment

---

[1] The claimant is not required to attach evidence of the transfer of the claim, such as a copy of the Transfer Agreement. *In re Relford*, 323 B.R. 669, 680-81 (Bankr. S.D. Ind. 2004), *citing* Fed. R. Bankr. P. 3001(e) advisory committee's note.

4

date, charge-off date, and total interest since charge-off ($0.00). Although no credit card agreement or copy of a statement is attached to the claim, this summary is sufficient to comply with Bankruptcy Rule 3001(c), and the itemization "substantially" complies with Official Form 10. *Id.* at 335-36. Therefore the claim enjoys *prima facie* status, and the Debtor must produce equally probative evidence in order to obtain disallowance of the claim.

Review of the Debtor's evidence finds it lacking. The total amount of the claim is $7,013.63, and the Debtor scheduled the original creditor for $7,013. Although counsel indicated that the Debtor obtained this information from the credit report, which is prepared using information from the creditors, the Debtor did not list the claim as disputed in the schedules. In his claim objection, the Debtor stated: "[I]t is impossible to discern from the attachments to the proof of claim the amount of debt which was originated by Chase Manhattan Bank and any amounts added to the claim from later transferees." This statement not only appears to be wrong (the summary shows the amount charged off and indicates that no interest was added since charge-off) but does not constitute evidence to rebut the claim. At the hearing on the claim objection, the Debtor offered nothing more than speculation that impermissible amounts had been added to the claim after purchase by the Claimant. This evidence is insufficient to overcome the *prima facie* evidence submitted by the Claimant.

The Debtor also has taken issue with the Claimant's failure to provide a copy of the last billing statement upon the Debtor's request. Several courts have admonished that claimants must comply with a debtor's demand for the documents supporting their summaries. *See e.g.*, *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005), *citing In re Shank*, 315 B.R. 799, 816 (Bankr. N.D. Ga. 2004) (failure to produce the

5

Case 04-27609-svk    Doc 58    Filed 02/06/06    Page 5 of 9

underlying documents might subject the claimant to "evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim."). *Heath* even suggests that it is appropriate for the documents to be requested in the claim objection itself, as the Debtor has done here. *Id.* at 436. However, claim allowance is supposed to be accomplished in a simple, expedited proceeding. *In re Hughes*, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004). Creditors such as the credit card transferees in this case may be unable to comply with document production requests in a timely and efficient manner, resulting in potential disallowance of their claims.[2] Debtors with no evidence that the claims are invalid may be inclined to launch "fishing expeditions" for documents that the claimants simply cannot produce timely or economically. Creditors who have executed their claims under penalty of fines and imprisonment will be forced to decide whether producing documentation is economically feasible for a $5,000 claim, while debtors who have signed bankruptcy schedules under penalty of perjury are relieved of their obligations to include those claims in a chapter 13 plan based on a technicality.

Recognizing that Bankruptcy Code § 502 provides that a claim shall be allowed unless the objector shows that one of the exceptions applies, and that Bankruptcy Rule 3001 is an evidentiary rule that cannot supercede the substantive provisions of the Code,[3] this Court will require the Debtor to come forward with some evidence to contradict the claim summary, even in the absence of a creditor's compliance with an information request. This requirement is especially apt when the debtor has scheduled the debt in the approximate amount of the proof of

---

[2] The one Claimant that did appear at the hearing stated that despite diligent efforts, the statement could not be produced by the date of the hearing.

[3] *Guidry*, 321 B.R. at 714, quoting 28 U.S.C. § 2075.

6

Case 04-27609-svk    Doc 58    Filed 02/06/06    Page 6 of 9

claim. *See Cluff*, 313 B.R at 339-340 (listing a debt as undisputed in Schedules is deemed an admission of the debt under the evidence rules). A debtor should be able to submit a copy of his last credit card statement or a declaration concerning the charges and payments he made on the credit card. If a debtor believes a claim is in error but the supporting evidence has been lost or destroyed, the debtor can seek a Rule 2004 examination of the claimant and request production of the documents underlying the claim summary.[4] Otherwise the debtor must produce some evidence to rebut the claim summary and cannot rely on the failure of the claimant to produce backup documentation as the sole grounds for disallowance of the claim. *See Guidry*, 321 B.R. at 715-716.

Since the Debtor has produced insufficient evidence to rebut the *prima facie* validity of the Jefferson Capital claim, the claim objection is overruled, and the claim is allowed as filed. The Debtor is free to move for reconsideration of the allowed claim under § 502(j) of the Bankruptcy Code, but to succeed on reconsideration, the Debtor must provide evidence of equal probative value to the *prima facie* evidence presented by the claim.

Claim No. 3 filed by Resurgent Capital Services contains a summary giving the Debtor's name, last four digits of the account number (which is all that should be required),[5] name of original creditor and total amount due. There is no breakdown of the interest and principal, nor is there any indication whether fees or interest were added to the claim after transfer to the Claimant. The amount of the claim is $1,979.59, and the Debtor scheduled the original credit

---

[4] Bankruptcy Rule 2004 provides that the court may order the examination of any entity, on motion of a party in interest. Appearance and production of documents may be compelled as provided in Rule 9016.

[5] *In re Burkett*, 329 B.R. 820, 831 (Bankr. S.D. Ohio 2005).

card creditor with an undisputed credit card claim in the amount of $1,979.00. The Debtor objects to the lack of the writing on which the claim is based, and states that it is impossible to determine whether impermissible charges were added to the claim after transfer to Resurgent Capital. The Debtor requests a copy of the last bill issued by the original creditor and a detailed indication of interest and fees that may have been added to the debt after transfer. In the event the creditor fails to comply with this request, the Debtor asks for disallowance of the claim.

The Debtor's claim objection is overruled. Even if this claim is not granted *prima facie* status, the Debtor's evidence is insufficient to "meet, overcome or at least equalize" the evidentiary weight of the claim. *Cluff,* 313 B.R. at 338. The claim, coupled with the Debtor's admission in his schedules, is sufficiently compliant with Official Form 10, and more is needed from the Debtor to disallow the claim. For example, if the Debtor filed a declaration under penalty of perjury that he had never or only rarely used this credit card, or paid off the balance by transferring it to another card, the Debtor's objection might succeed (unless the Claimant came forward with more evidence in rebuttal). However, the Debtor's evidence does not reach the level needed to meet even the reduced standard that is arguably applicable to this claim.

Claim No. 5 filed by Cavalry Portfolio Services is the least detailed of the proofs of claim. The claim states that Cavalry is the assignee of Wells Fargo Bank Nevada NA, and a one-page "Bill of Sale" signed by Wells Fargo is attached to the claim. However, the Bill of Sale refers to an attached Account Schedule, and there is no such schedule attached. The box has been checked indicating that interest is included in the amount claimed, but there is no itemization of that interest anywhere on the claim. In short, there is no summary of the account included with this claim. The proof of claim amount is $7,496.68, and a debt to Wells Fargo -

Bankruptcy Department in the Debtor's schedules is listed as undisputed, but in the amount of $6,729. The account number stated on the face of the claim does not match the account number for this debt in the Debtor's schedules. This claim is not entitled to *prima facie* status, and the evidence raised by the Debtor is sufficient to disallow the claim to the extent it exceeds the amount in the schedules. Bankruptcy Code § 502(j) permits either the Debtor or the Claimant to move to reconsider this decision, by providing evidence to justify a higher or lower amount for the claim.

An order will be entered consistent with this decision.

Dated: February 6, 2006

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

9

Case 04-27609-svk    Doc 58    Filed 02/06/06    Page 9 of 9